Hernandez-Garcia v. Holder

BIA
Vomacka, IJ
A088 673 392

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

NASARIA HERNANDEZ-GARCIA, AKA NAZARIA HERNANDEZ-GARCIA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

11-3985
NAC

| | |
|---|---|
| FOR PETITIONER: | Mario DeMarco, Law Office of Mario DeMarco, P.C., Port Chester, New York. |
| FOR RESPONDENT: | Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Remi Da Rocha-Afodu, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nasaria Hernandez-Garcia, a native and citizen of Guatemala, seeks review of a September 6, 2011, decision of the BIA, dismissing her appeal from the August 9, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Nasaria Hernandez-Garcia*, No. A088 673 392 (B.I.A. Sept. 6, 2011), *aff'ing*, No. A088 673 392 (Immig. Ct. N.Y.C. Aug. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances presented, we review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See*, *e.g.*, *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Hernandez-Garcia challenges first the IJ's credibility determination. As the Government correctly asserts, however, because she did not raise this argument in her appeal to the BIA, it is unexhausted and we will not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-23 (2d Cir. 2007). Next, Hernandez-Garcia contends that, in determining that she failed to produce sufficient corroborating evidence to support her claims for relief, the agency failed to adhere to the rule articulated in *Diallo v. I.N.S.*, 232 F.3d 279, 290 (2d Cir. 2000), that requires the agency to identify what specific evidence should have been submitted and explain why it was reasonable to expect that such evidence was available. Yet this rule is applicable only "when the IJ or BIA cites inadequate corroboration as a basis for denying relief to an applicant who is *otherwise credible*." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). Here, by comparison, the IJ found that Hernandez-Garcia was *not* "otherwise credible," *id.,* so he had no obligation to identify what specific corroborating evidence should have been submitted.

Finally, contrary to Hernandez-Garcia's assertions, we conclude that substantial evidence supports the agency's determination that the mistreatment she suffered did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (to constitute persecution, the harm suffered must be sufficiently severe, rising above "mere harassment"). Although the February 2007 home-invasion incident was undoubtedly traumatic, Hernandez-Garcia does not allege that she sustained any physical injuries, and the remainder of the record evidence shows only that she was the victim of various verbal threats. *Cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (per curiam) (upholding the agency's determination that slaps, repeated punches, and a short detention did not amount to persecution where there were "no lasting physical effect[s]").

Together, these facts validate the agency's determination that Hernandez-Garcia did not suffer past persecution, and, because she therefore is not entitled to a regulatory presumption of a well-founded fear of future persecution based on these same events, *see* 8 C.F.R. § 208.13(b)(1), the agency did not err by denying her claims

4

for asylum and withholding of removal, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In her brief to this Court, Hernandez-Garcia does not challenge the IJ's denial of her claims for CAT relief. Even if she did, we would lack jurisdiction to consider such a challenge, since she did not raise the issue in her appeal to the BIA. *See*, *e.g.*, *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).